IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                  CRIMINAL ACTION NO.  3:13-00063-02

DEANDRE LAMAR HARRIS
      also known as "Jay-Jay"

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Deandre Lamar Harris's *pro se* Motion to Appear in Court on Detainer. ECF No. 128. The Government has filed a Response in opposition to Defendant's motion. For the following reasons, the Court agrees with the Government and **DENIES** the motion.

On October 2, 2017, this Court sentenced Defendant to 15 months imprisonment, 3 years of supervised release, and a $100 special assessment for his plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At the conclusion of the Sentencing Hearing, the Court released Defendant on his previously imposed bond until a facility could be designated by the Bureau of Prisons.

Four days later, members of the Detroit, Michigan Police Department responded to report that an individual was shot at a liquor store. Defendant was identified as the shooter and was arrested. Based upon this event, this Court signed a Petition for Action on Conditions of Pretrial Release on October 11, 2017, issuing a warrant for Defendant's arrest.

According to the Government, Defendant was convicted by a Michigan jury "of assault with intent to cause great bodily harm in violation of MCL §§ 750.84 and 769.12, weapons felony involving a firearm in violation of MCL § 750.227BA, and being a felon in possession of a firearm in violation of MCL §§ 750.224F and 769.12." *Resp. of the United States to Def.'s Mot. to Appear in Ct. on Detainer*, at 2 (citation omitted), ECF No. 131. Thereafter, Defendant was sentenced on June 7, 2021, to: "a minimum of 10 years and a maximum of 30 years; two years; and a minimum of one year and a maximum of five years, respectively." *Id*. The Government represents that Defendant's earliest release date for his State convictions is October 3, 2029, with a maximum release date of October 3, 2049. *Id*. at 3. A detainer also was lodged against Defendant based on the Petition filed in this Court.

The Interstate Agreement on Detainers Act (IADA) provides a prisoner has the right to demand a trial as to any "untried indictment, information, or complaint" within 180 days or have the charges dismissed, but it does not apply to a detainer for a bond violation as it does not fit within any of these categories. *See* 18 U.S.C. App. 2 § 2; *cf. Carchman v. Nash,* 473 U.S. 716, 725, 731 n. 10 (1985) ("This Court has never held, however, that a prisoner subject to a probation-revocation detainer has a constitutional right to a speedy probation-revocation hearing."); *United States v. Fitzpatrick*, No. 12-40089-01-DDC, 2020 WL 2395217, at *2 (D. Kan. May 12, 2020) ("While the IAD requires timely disposition of a charge made by an untried indictment, information or complaint, it does not apply to detainers based on petitions to revoke supervised release."). Therefore, as the detainer in this case is not an "untried indictment, information, or complaint," the Court finds Defendant does not have a right to a speedy disposition

of the Petition while he is serving his Michigan sentence. Accordingly, the Court **DENIES** Defendant's motion.

The Clerk is directed to provide a copy of this Order to defendant, counsel of record, the United States Marshals Service, and the United States Probation Department.

ENTER: March 28, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE